IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ELITE WOUND CARE CONSULTANTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>VENTURE MEDICAL, LLC,<br><br>Defendant. | CV 24–121–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Venture Medical, LLC's ("Venture") Motion to Dismiss for Failure to Prosecute and for Award of Attorneys' Fees. (Doc. 31.) Through the Motion, Venture requests that the Court dismiss this matter with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and award attorneys' fees. (Doc. 32 at 4, 8.) For the reasons herein, the Motion is GRANTED.

## BACKGROUND

Plaintiff Elite Wound Care Consultants, LLC ("EWCC") filed this diversity action in September 2024 alleging three counts of breach of contract, one count of breach of the implied covenant of good faith and fair dealing, one count of intentional interference with prospective economic advantage, and one count of unjust enrichment. (Doc. 1.)

1

On June 20, 2025, EWCC's attorneys filed an unopposed motion to withdraw as counsel. (Doc. 27.) The Court determined that the motion complied with District of Montana Local Rule 83.3(b) and established good cause for withdrawal; therefore, the Court granted the motion. (Doc. 28 at 1.) The Court granted EWCC 30 days to hire new counsel. (*Id.*) In light of the fact that no attorney appeared on behalf of EWCC by the 30-day deadline, on July 25, 2025, the Court ordered the Parties to file a status report on or before August 1, 2025. (Doc. 29.) Venture filed a status report notifying the Court that it had attempted to contact EWCC in order to comply with the Court's order, but EWCC had not responded. (Doc. 30 at 2.) Venture also filed the present Motion, asking the Court to dismiss this matter with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and award attorneys' fees. (Doc. 31.) EWCC did not file a status report nor respond to Venture's Motion.

## DISCUSSION

### I.   Dismissal

Rule 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019) (citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik*

*v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). EWCC has failed to comply with this Court's Orders directing it to hire new counsel within 30 days, and to file a status report. (*See* Docs. 28 at 1–2; 29.) This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if EWCC does not comply with the Court's orders. EWCC's case has consumed judicial resources and time that

3

could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the defendant. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). EWCC's failure to comply with the Court's orders has caused delay of this matter to the detriment of Venture. Therefore, the third factor weighs in favor of dismissal.

The Court has considered less drastic alternatives. EWCC was afforded an adequate amount of time in which to hire new counsel. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources of the Court will be expended. This matter will be dismissed based upon EWCC's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II.     Attorneys' Fees

Because this Court is exercising diversity jurisdiction, it applies Montana substantive law in considering whether to award attorneys' fees. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013). Montana law allows recovery of attorneys' fees where authorized by law or contract. *Griz v. State*, 475 P.3d 739, 747 (Mont. 2020). Here, the Agency Agreement that forms the basis of this case provides, in relevant part:

> The substantially prevailing Party in any legal action brought by one Party against the other and arising out of this Agreement will be entitled, in addition to any other rights and remedies that such substantially prevailing Party may have, to reimbursement of expenses incurred by such prevailing Party, including court costs and reasonable attorneys' fees.

(Docs. 1.1 ¶ 15.3; 32.3 ¶ 15.3.) Under Federal Rule of Civil Procedure 41(b), an involuntary dismissal for failure to prosecute or to comply with a court order "operates as an adjudication on the merits." Therefore, pursuant to the Parties' Agency Agreement, an award of attorneys' fees is appropriate.

According to the Declaration of Venture's attorney, Riley M. Wavra, Venture has incurred $22,053.35 in attorneys' fees defending this action. (Doc. 32.1 ¶¶ 18–20.) In determining whether those fees are reasonable, the Court must consider the following factors:

> (1) the amount and character of the services rendered; (2) the labor, time and trouble involved; (3) the character and importance of the litigation in which the services were rendered; (4) the amount of

5

> money or the value of the property to be affected; (5) the professional skill and experience called for; (6) the attorneys' character and standing in their profession; and (7) the results secured by the services of the attorneys.

*Plath v. Schonrock*, 64 P.3d 984, 991 (Mont. 2003). The Court finds these factors support awarding Venture the total amount incurred.

As to the first and second factors, Counsel for Venture have prepared an answer, propounded discovery, attended a preliminary pretrial conference, responded to discovery, and consulted with Venture and opposing counsel. (Doc. 32-1 at 3–4.) These services and the labor and time involved in rendering these services support an award of $22,053.35. As to the third and fourth factors, EWCC alleged that—due to Venture's actions—it had suffered damages in excess of $1,700,000. (Doc. 32-1 ¶ 23.) The accused misconduct had the potential to damage Venture's business reputation. As to the fifth factor, the Court finds that the unique circumstances of this case called for a skilled and experienced attorney. Counsel for Venture meet this standard. Likewise, Counsel for Venture are of good character and standing. And finally, as to the seventh factor, counsel secured a positive result for Venture, due to the services they rendered. As such, the full award of $22,053.35 is appropriate.

## CONCLUSION

EWCC has failed to prosecute this action and comply with Court orders. Therefore, dismissal with prejudice is appropriate under Federal Rule of Civil Procedure 41(b). In addition, an award of $22,053.35 in Venture's attorneys' fees is appropriate.

Accordingly, IT IS ORDERED that the Motion (Doc. 31) is GRANTED. This matter is DISMISSED with PREJUDICE.

IT IS FURTHER ORDERED that EWCC shall pay Venture $22,053.35 in attorneys' fees.

The Clerk of Court is directed to close this file.

DATED this 3rd day of September, 2025.

_____
Dana L. Christensen, District Judge
United States District Court